IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED U.S. DISTRICT COURT AUGUSTA DIV. 2011 SEP 28 A 8:31 CLERK_____ SO. DIST. OF GA.

| | |
|---|---|
| EDGAR R. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 311-042 |
| ) | |
| MARTY ALLEN, Warden, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Dodge State Prison ("DSP") in Chester, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

I. **BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) Marty Allen, Warden

of DSP; (2) Dr. Tripp, a physician at DSP; and (3) Officer Hall, a correctional officer at DSP. (Doc. no. 1, pp. 1, 4.) Plaintiff alleges that he was scheduled to undergo knee surgery in December of 2010. (Id. at 5.) According to Plaintiff, on December 16, 2010, Defendant Hall came to Plaintiff's cell and told him that he was to be transferred that night to a different facility to have the surgery. (Id.) Plaintiff alleges that Defendant Hall then told him that he could instead choose to wait until after the holidays to transfer to the new facility for the surgery. (Id.) Plaintiff reports that he then asked Defendant Hall whether "he was sure about this," following which Defendant Hall said that he was and left. (Id.) Plaintiff avers that a few moments after this conversation, he attempted to use the intercom system to inform Defendant Hall that he wanted to proceed with the surgery immediately because of the pain he was suffering, but Defendant Hall did not respond. (Id.)

Plaintiff alleges that the following morning he was advised that "he had refused to go and have the surgery." (Id.) Plaintiff maintains that Defendant Tripp, his treating physician, discontinued his medications at that time and informed Plaintiff that it would be some time before he could be rescheduled for surgery because of his refusal. (Id.) Plaintiff, however, maintains that he never refused the surgery or any other treatment, and notes that he never signed a written refusal of treatment, as is typically required by prison officials. (Id. at 5-6.)

Plaintiff further alleges that he was "placed at the bottom of the list for surgery," and that his surgery was significantly delayed. (Id. at 7.) Although the surgery was eventually performed, Plaintiff asserts that the delay in the surgery caused him to suffer physical pain and mental stress; he also states that the delay caused him to depend heavily on his other leg

2

while awaiting surgery and that, as a result, he now needs surgery on his other knee as well. (Id.) Plaintiff states that Dr. Tripp again discontinued his medication following the surgery. (Id.)

Plaintiff alleges the grievance he filed was ultimately denied by Defendant Allen, who stated that Defendant Hall's handling of the incident in question was "being addressed administratively." (Id. at 6.) In his demand for relief, Plaintiff seeks an award of monetary damages against each Defendant. (Id. at 8.)

## II. DISCUSSION

Plaintiff's only allegation against Defendant Allen, the Warden of DSP, is that he denied his grievance relating to the allegedly improper delay in his knee surgery. (See id. at 6.) However, under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, ___ F.3d ___, 2011 U.S. App. LEXIS 18293, at *11-12 (11th Cir. Sept. 2, 2011). Therefore, Plaintiff's allegations regarding Defendant Allen's purported mishandling of his grievance fail to state a § 1983 claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state.");

3

Ouzts v. Cummins, 825 F.2d 1276, 1278 (8th Cir. 1987) (failure to respond to grievance does not constitute a due process violation); Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982) (failure to process plaintiff's grievances is not actionable under § 1983).

Moreover, Plaintiff's claims against Defendant Allen are also inadequate to the extent that Plaintiff is attempting to assert a claim against Defendant Allen for the acts of his subordinates – the other Defendants in this case – against whom Plaintiff directs allegations of delayed and inadequate medical care. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

As noted above, the only mention of Defendant Allen in the body of the complaint concerns his handling of Plaintiff's grievance, and nowhere does Plaintiff mention that Defendant Allen actually participated in the alleged constitution violation regarding his medical care. Similarly, Plaintiff fails to allege a "causal connection" between Defendant Allen and the asserted constitutional violation regarding his medical care. See Zatler v.

4

Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[1] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff has offered no allegations suggesting that Defendant Allen knew about any widespread abuse or that he was responsible for a custom or policy resulting in delayed or inadequate medical care. In sum, Plaintiff has failed to state a claim upon which relief may be granted against Defendant Allen, and Defendant Allen should therefore be dismissed from this case.

---

[1]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant Allen be **DISMISSED** from this case.[2]

SO REPORTED and RECOMMENDED this 28th day of September, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]In a simultaneously filed Order, the Court has directed that service of process be effected on Defendants Tripp and Hall based on Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs.

6